IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                                                 No. 9-CV-953 WJ/ACT

SONIC DRIVE-IN OF LOS LUNAS LTD., *et al.*,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR PENDING MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO STAY DISCOVERY**

THIS MATTER comes before the Court on Defendants' Motion for Leave to Amend their Pending Motion for Partial Summary Judgment and to Stay Discovery (Doc. 18). Specifically, Defendants want to amend their pending Motion for Partial Summary Judgment to add an argument objecting to EEOC's stated intent to add new class members with whom the Defendants have not had an opportunity to conciliate. Because the Court sees no harm in allowing Defendants to amend their pending Motion as requested, the Court will allow Defendants to do so. However, the Court denies Defendants' request to stay discovery until the pending Motion for Partial Summary Judgment is fully briefed. Furthermore, the Court denies Defendants' request to include in their Motion a request for sanctions under Rule 16(f) of the Federal Rules of Civil Procedure. If Defendants want to request sanctions, they may do so in a separate motion and need not obtain the Court's leave before doing so. Accordingly, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Leave to Amend Their

Pending Motion for Partial Summary Judgment and to Stay Discovery.

## BACKGROUND

In June 2007, Melissa Garcia filed a charge of discrimination with the EEOC alleging that she was subjected to sexual harassment and retaliation while employed at the Sonic Drive-In at Los Lunas, New Mexico.  During the EEOC's two-year investigation, the agency discovered that other women employees had allegedly been subject to sexual harassment and retaliation.  Accordingly, in March 2009, the EEOC notified Sonic that it believed Sonic had engaged in a pattern and practice of sex discrimination against Garcia and an unidentified class of female employees.  As required by law, the EEOC engaged in an informal process of conciliation with Sonic in an effort to resolve the matter.  During conciliation discussions, the EEOC requested relief for the named class members as well as an additional sum of money for any unidentified class members.

In September 2009, after unsuccessfully attempting to conciliate, the EEOC filed this action against Sonic on behalf of a class of women employees subject to sexual harassment and retaliation.  In response, Sonic filed a Motion for Partial Summary Judgment (Doc. 3) based on the EEOC's failure to engage in good-faith conciliation efforts and a Motion to Dismiss (Doc. 4) for failure to state a claim.  The parties then entered a stipulation to stay all proceedings until after settlement negotiations in May 2010.  In the weeks leading up to the settlement conference, the EEOC informed Sonic that it was seeking relief on behalf of nine new named class members.  It also indicated that it may add four or five additional class members at a later date.

Sonic then filed the instant Motion, arguing that the EEOC is barred from bringing claims on behalf of these fourteen new individuals because the claims of these putative class members were not addressed during conciliation.  Sonic requests leave to amend its pending

Motion for Partial Summary Judgment to include this new argument regarding failure to conciliate. Sonic also asks for leave to include, in its Motion, a request for sanctions pursuant to Federal Rule of Civil Procedure 16(f) on the grounds that the EEOC did not participate in the settlement conference in good faith. Specifically, Sonic complains that it could not meaningfully evaluate settlement offers "as four class members were identified only two days prior to the settlement conference and other claims have yet to be disclosed." Motion, at 4. Furthermore, six of the named class members failed to attend the settlement conference as required by this Court's order. Finally, if this Court permits Sonic to amend its motion, Sonic asks this Court to stay discovery while its Amended Partial Summary Judgment Motion is pending. Sonic argues that it should not be required to undertake discovery with respect to individuals who are not properly before the Court. *Id.* at 5.

## DISCUSSION

This Court has wide discretion to allow Defendants to supplement or amend their pending Motion for Partial Summary Judgment. *Jornigan v. New Mexico Mut. Cas. Co.*, 228 F.R.D. 661, 663 (D.N.M. 2004) ("The question of amending a pleading is a matter of judicial discretion, but courts are disposed to freely grant motions to amend."). Briefing on the pending motion was originally stayed on February 1, 2010 (Doc. 11) to allow the parties to attempt to settle and briefing was stayed again on June 29, 2010 (Doc. 24) to allow this Court to rule on the instant Motion to Amend. In the interests of judicial economy, this Court will allow Defendants to amend their pending Motion to address the EEOC's stated intent to add new class members after conciliation efforts had ended. The EEOC spends much of its response brief explaining why its addition of new class members is lawful and appropriate. These arguments are beside the point. By permitting Defendants to amend their pending motion, the Court is not ruling on

3

the merits of the underlying issue.  After the Motion is fully briefed, this Court may well determine that the EEOC is correct and that it may continue to add named class members to this suit.  Because both the Defendants' pending Motion and its proposed amendment to that Motion deal with arguments that the EEOC failed to engage in good-faith conciliation efforts, it would be a waste of this Court's time to deal with the two arguments in separate motions.  Furthermore, allowing the proposed amendment would only delay these proceedings by two weeks.  Given that the pending Motion was filed in November 2009 and that briefing on the Motion has been stayed since then (first to permit the parties to engage in settlement negotiations and then to allow this Court to rule on the instant motion), the Court sees no grave harm in delaying the proceedings an additional two weeks.[1]

      The EEOC presents only one non-merits-based reason for this Court to deny the Motion to Amend.  Specifically, the EEOC argues that the evidence that Sonic intends to include in its amended motion is prohibited by Rule 408 of the Federal Rules of Evidence.  That rules makes evidence of "conduct or statements made in compromise negotiations" inadmissible when used "to prove liability for, invalidity of, or amount of a claim."  Rule 408 does not completely bar the admission of statements made during settlement negotiations, however.  Rather, such statements are only excluded when they are used to prove liability for a claim or invalidity of a claim; the statements may be used for any other purpose not covered by Rule 408.  *United States v. Bailey*, 327 F.3d 1131, 1146 (10th Cir. 2003).  Here, Sonic wants to introduce evidence that the EEOC intends to add additional class members—not to prove the invalidity of any claims—but merely

---

[1] The Court is unsure whether Sonic's proposed new argument regarding the EEOC's intent to add new class members is premature, given that the EEOC has not yet moved to amend its complaint to add these new members.  However, the EEOC did not raise this argument in its Response so the Court need not address it at this point.

to show the EEOC's intent.  Because the statements will not be introduced for an impermissible purpose, Rule 408 does not apply.

Defendants also ask this Court to stay discovery until briefing on the pending Motion for Partial Summary Judgment is complete and until the Court rules on the Motion.  As Defendants note, it is unfair to require them to undertake the expense of discovery with respect to individuals who may not be properly before the Court at all.  The Court notes that, given the multiple stays in this proceeding, the parties have not yet conducted any discovery.  While the Court understands Defendants' request, the Court finds that a further delay in discovery is inappropriate.  Defendants have been on notice since day one that the EEOC intended to represent a class of women in this case—some of whom were unidentified.  Consequently, the Defendants will not have to undergo any substantial additional discovery as a result of the EEOC's stated intent to name new class members.  The Court denies Defendants request to stay discovery.

Finally, the Court denies Defendants' request to amend their pending Motion for Partial Summary Judgment to include a request for sanctions under Rule 16(f) because the EEOC allegedly did not participate in the settlement conference in good faith.  Such a request need not be made in a summary judgment motion, but can be made in a stand-alone motion without leave of the Court.  It would not substantially further the interests of judicial economy to combine the two requests into one motion.  Accordingly, the Court denies Defendants' request to amend their pending Motion to include a request for sanctions.

Defendants will be permitted to file an amended Motion that exceeds the page limitation set forth in the local rules by five (5) pages.  Defendants requested leave to exceed the 27-page limitation by ten pages, but the Court has denied Defendants' request to include a request for

sanctions in the amended motion. Accordingly, Defendants should not need all ten requested pages in order to make their argument concerning the EEOC's stated intent to add new class members. The Court finds that an additional five pages should be sufficient.

## CONCLUSION

For the reasons given above, this Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Leave to Amend their Pending Motion for Partial Summary Judgment and to Stay Discovery. Specifically, this Court GRANTS Defendants' request to amend their pending Motion for Partial Summary Judgment. The amended motion must be filed within fourteen (14) days of the date of this order and may not exceed 32 pages. Because Defendants will be filing an amended motion, the Court STRIKES Defendant's currently pending Motion for Partial Summary Judgment (Doc. 3). The Court DENIES Defendants' request to stay discovery and further DENIES Defendants' request to include a request for sanctions in their amended motion.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE