IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                                                                  No. 9-CV-953 WJ/ACT

SONIC DRIVE-IN OF LOS LUNAS LTD. and
B&B CONSULTANTS INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint (Doc. 30). Plaintiff wishes to amend its Complaint in lieu of responding to Defendants' Combined Rule 12(b)(6) Motion to Dismiss (Doc. 4). Defendants oppose the Motion insofar as the amended complaint would include factual allegations based on information gathered from individuals whose claims were not conciliated, and individuals who were not present or excused from the May 27, 2010 settlement conference (Doc. 32). Because the Court finds that allowing Plaintiff to amend the Complaint will not cause undue prejudice to Defendants, this Court GRANTS Plaintiff's Motion to Amend.

### BACKGROUND

In June 2007, Melissa Garcia filed a charge of discrimination with the EEOC alleging that she was subjected to sexual harassment and retaliation while employed at the Sonic Drive-In at Los Lunas, New Mexico. During the EEOC's two-year investigation, the agency discovered

that other women employees had allegedly been subject to sexual harassment and retaliation. Accordingly, on March 31, 2009, the EEOC notified Sonic that it believed Sonic had engaged in a pattern and practice of sex discrimination against Garcia and an unidentified class of female employees. practice of sex discrimination against Garcia and an unidentified class of female employees. As required by law, the EEOC engaged in an informal process of conciliation with Sonic in an effort to resolve the matter. During conciliation discussions, the EEOC requested relief for the named class members as well as an additional sum of money for any unidentified class members.

In September 2009, the EEOC deemed conciliation to have failed, and filed this action against Sonic on behalf of a class of women employees who had been subject to sexual harassment and retaliation. In response, Defendants filed a Motion to Dismiss (Doc. 4) based on the pleading standards identified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The parties then entered a stipulation to stay all proceedings until after settlement negotiations in May 2010. In the weeks leading up to the settlement conference, the EEOC informed Sonic that it was seeking relief on behalf of nine new named class members. The EEOC then identified thirteen more claimants at the conference, and has continued to identify other claimants since that time. A motion for sanctions based on the EEOC's failure to participate in the settlement conference in good faith is currently pending (Doc. 32), as is Defendants' Amended Combined Motion for Partial Summary Judgment Based on Plaintiff's Failure to Conciliate in Good Faith (Doc. 31).

Plaintiff has moved to amend the Complaint, in order to address the *Twombly* issues raised by Defendants' Motion to Dismiss, to separate their claims into different counts, to explain why Defendant B&B Consultants is a party to this case, and to add factual allegations

that were not known to Plaintiff when it filed the Complaint. Defendants oppose the Motion only to the extent that it seeks to add factual allegations based on claims that were not resolved in conciliation or claims raised by individuals not present at the May 27 settlement conference. Although Defendants have requested that the Court rule on the issues presented in the Amended Combined Motion for Partial Summary Judgment before ruling on the instant Motion, the Court finds that it is not necessary to resolve the issues in the summary judgment motion in order to address Plaintiff's request to amend the complaint.

## DISCUSSION

**1.      Rule 15(a)**

Plaintiff first argues that it should be allowed to amend its Complaint as a matter of right under the version of Rule 15(a) that was in effect when it filed the Complaint on September 29, 2009, and when Defendants filed their Motion to Dismiss on November 30, 2009. It argues that it had no notice that the new version of Rule 15(a) might apply retroactively to this case, and that it would thus be unfair to subject Plaintiff to the requirements of the new rule.

The previous version of Rule 15(a) allowed litigants to amend pleadings as a matter of course "before being served with a responsive pleading." Defendants have yet to file an Answer, so Plaintiff would have a right to amend if the previous version applied. The current version of Rule 15(a), however, only gives Plaintiff the right to amend as a matter of course within 21 days of service of Defendants' Rule 12(b) Motion. Because it has been closer to 11 months rather than 21 days, it is clear that Plaintiff no longer has the right to amend if the new version of Rule 15(a) applies.

The Court finds that the new Rule 15(a) applies to this case. The Supreme Court's Order of March 26, 2009 gave notice that the new version of Rule 15(a) would apply retroactively,

"insofar as just and practicable." Supreme Court Order of March 26, 2009, http://www.supremecourt.gov/orders/courtorders/frap09.pdf. Plaintiff thus had eight months' notice that the new rule was proposed and that it would apply to all cases pending on December 1, 2009. This Court is not convinced that it would be unjust or impracticable to apply the new Rule 15(a) to this case, especially as the parties have fully briefed the issue under the current version.

**2.    Undue Prejudice**

Under the current version of Rule 15(a), the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Defendants argue only undue prejudice, claiming that permitting Plaintiff to amend here would present Defendants with a "moving target" to respond to in this case. *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

The Court finds this argument unpersuasive. It has been clear to Defendants from the beginning that Plaintiff meant to continue its investigation into the alleged sexual harassment, and has been notifying Defendants that it is seeking additional claimants since it filed this lawsuit. Plaintiff is not changing its theory of the case or the applicable law, and adding additional factual allegations in the Complaint will likewise not require Defendants to change their theory of the case. Defendants have been on notice from the beginning what Plaintiff is alleging as the grounds for this lawsuit: a hostile work environment due to sexual harassment at the Las Lunas branch of Sonic Drive-In. Defendants' arguments going to the merits of whether

4

Plaintiff is allowed to present claims not subject to conciliation or raised on behalf of individuals not present at the settlement conference are beside the point and not relevant to the issue of undue prejudice.

## CONCLUSION

For the reasons given above, this Court **GRANTS** Plaintiff's Motion to Amend Complaint (Doc. 30). Because the parties have agreed that this disposition resolves the issues raised therein, the Court **DENIES AS MOOT** Defendants' currently pending Combined Rule 12(b)(6) Motion to Dismiss (Doc. 4). Plaintiff shall have seven days from the entry of the order in which to file its Amended Complaint.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE