**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v. No. 9-CV-953 WJ/ACT

SONIC DRIVE-IN OF LOS LUNAS LTD. and B&B CONSULTANTS INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS' AMENDED COMBINED MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court on Defendants' Amended Combined Motion for Partial Summary Judgment Based on Plaintiff's Failure to Conciliate in Good Faith (Doc. 31). Defendants request summary judgment[1] on the basis that the EEOC has not fulfilled its statutory duty to conciliate in good faith prior to filing suit, and ask this Court to prevent the EEOC from adding claims to this action based on the allegations of those claimants who were identified subsequent to conciliation. For the reasons stated below, this Court GRANTS IN PART Defendants' Motion.

**BACKGROUND**

In June 2007, Melissa Garcia filed a charge of discrimination with the EEOC alleging that she was subjected to sexual harassment and retaliation while employed at the Sonic Drive-In

---

[1] Defendants have until October 14, 2010 to file their Reply brief. The Court has determined that a Reply brief by Defendants is not necessary for the Court to rule on Defendants' Motion for Summary Judgment.

at Los Lunas, New Mexico. During the EEOC's two-year investigation, the agency discovered that other women employees had allegedly been subject to sexual harassment and retaliation. Accordingly, on March 31, 2009, the EEOC notified Sonic that it believed Sonic had engaged in a pattern and practice of sex discrimination against Garcia and an unidentified class of female employees.

On June 23, the EEOC tendered its first conciliation proposal, seeking relief for 13 class members, including Garcia, as well as indicating that there were still unidentified claimants. The EEOC's proposal sought injunctive relief in the form of providing additional training for employees, disciplining the restaurant manager at the Los Lunas location, and posting notices for the employees. It also demanded backpay and damages for emotional distress on behalf of all class members, as well as a separate sum for all unidentified class members. Defendants agreed to implement the non-monetary remedies requested, and agreed to provide backpay to the identified class members. Defendants requested factual support for the emotional distress claims, but the EEOC declined to provide information about most of the claims. In a letter dated August 18, 2009, the EEOC described the emotional distress suffered by one claimant, Elizabeth Olivas. Between August 3 and September 24, the parties continued to exchange proposals to settle the emotional distress claims and determine the amount of monetary relief for the unnamed class members. Defendants' last offer was dated September 18, and the EEOC's last response was on September 24.

The parties' first conciliation meeting took place on September 3, 2009. Two of the claimants, Garcia and Olivas, appeared at this meeting. The parties were unable to come to an agreement at that meeting, but Defendants subsequently reached a settlement with Olivas and Garcia on September 14 without the participation of the EEOC. Shortly after, several other class

members settled their claims with Defendants, again without the participation or knowledge of the EEOC. The parties held a second meeting on September 28 at 1:00 p.m., which was also unsuccessful in resolving their differences. The EEOC determined at the end of the meeting that conciliation efforts had failed, and handed Defendants a notice to that effect, indicating that the case would be referred to the legal unit for possible litigation. The next day at 2:53 p.m., the EEOC filed a complaint instigating the current action.

During the course of this litigation, the parties entered a stipulation on January 28, 2010 to stay all proceedings until after settlement negotiations (Doc. 10). In April, the EEOC informed Sonic that it was seeking relief on behalf of nine new named class members. It also indicated that it might add four or five additional class members at a later date. The settlement conference took place on May 27, and six of the claimants settled with Defendants (Doc. 19). The EEOC identified thirteen more claimants at the conference, and has continued to identify other claimants since that time.

Defendants first moved for summary judgment on November 30, 2009, on the grounds that the EEOC had not fulfilled its statutory duty to conciliate in good faith (Doc. 3). On June 7, 2010, Defendants sought leave to amend their Motion to add a request that the EEOC be barred from presenting claims on behalf of claimants who were not identified during the administrative process (Doc. 18). The Court granted Defendants' request (Doc. 29), and Defendants then filed this amended Motion (Doc. 31). In addition, a motion for sanctions based on the EEOC's failure to participate in the settlement conference in good faith is currently pending, requesting much of the same relief as in the current Motion (Doc. 32).

Defendants now argue that the EEOC displayed a lack of good faith throughout the conciliation process by failing to substantiate the significant emotional distress damages sought

on behalf of class members, and preventing Garcia and Olivas from meeting with Defendants' counsel during the September 3, 2009 conciliation meeting and accepting a settlement offer at that time. Defendants also argue that the EEOC should not be permitted to advance claims on behalf of claimants not identified during the conciliation process, because Defendants never had a chance to settle those claims informally before this lawsuit was filed. Defendants' requested relief is a stay in order to permit the parties to continue the conciliation process through court-supervised mediation. For the purposes of that mediation, they request all evidence available to the EEOC pertaining to compensatory damages, and the presence of all remaining class members in the proposed meeting. The EEOC responds that Defendants have applied the wrong legal standard, that it has satisfied its statutory duty to conciliate in good faith, that it is entitled to pursue this lawsuit on its own behalf regardless of any class members identified subsequent to conciliation, and that Defendants' motion is moot because they have already received the requested relief in the form of the May 27 settlement conference.

**STANDARD OF REVIEW**

Summary judgment is only appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; it may not rest on mere allegations or denials in its own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a

reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

**DISCUSSION**

**1. EEOC's Duty to Conciliate in Good Faith**

Title VII requires that the EEOC "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion" as a prerequisite to filing suit in federal court. 42 U.S.C. § 2000e-5(b). "This jurisdictional provision embodies the congressional intent that enforcement be effected wherever possible without resorting to formal litigation." *EEOC v. Prudential Fed. Sav. & Loan Ass'n*, 763 F.2d 1166, 1169 (10th Cir. 1985) (internal quotation marks omitted). The jurisdictional requirement is minimal, and satisfied "when the EEOC initially makes a sufficient albeit limited effort to conciliate." *Id.* The EEOC is required to engage in conciliation in good faith. *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978). "The inquiry into the duty of 'good faith' on the part of the EEOC is relevant to whether the court should entertain the claim, or stay the proceedings for further conciliation efforts . . . ." *Id.* The proper remedy if this Court finds that the EEOC failed to conciliate in good faith is to "stay the proceeding for further conciliation efforts." *Id.*

The federal courts have devised two separate tests for whether the EEOC has satisfied its duty of "good faith" under Title VII. *See EEOC. v. Timeless Investments, Inc.*, Civ. No. 08-1469, 2010 WL 3220306, at *10 (E.D. Cal. Aug. 13, 2010) (noting the two different lines of doctrine); *EEOC v. Supervalu, Inc.*, 674 F. Supp. 2d 1007, 1008 n.1 (N.D. Ill. 2009) (same). One test is highly deferential to the agency, cautioning that the EEOC need not "undertak[e] exhaustive investigations or prov[e] discrimination to the employer's satisfaction." *Id.* at 1169 (internal citation and quotation marks omitted). Under this test, the "form and substance of the EEOC's

conciliation proposals are within the discretion of the EEOC and are not subject to judicial second-guessing." *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984). "[A] court should not examine the details of the offers and counteroffers between the parties, nor impose its notions of what the agreement should provide . . . ." *Zia*, 582 F.2d at 533.

The second test is more searching, and outlines three specific requirements for EEOC's conciliation efforts to satisfy Title VII. *See EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1259 (11th Cir. 2003). "To satisfy the statutory requirement of conciliation, the EEOC must (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer." *Id.* (internal citations omitted).

The Tenth Circuit clearly follows the deferential approach, declining to examine the "form and substance" of conciliation. *See Prudential*, 763 F.2d at 1169; *Marshall v. Sun Oil Co. of Penn.*, 592 F.2d 563, 566 (10th Cir. 1979); *Zia*, 582 F.2d at 533. The EEOC is therefore correct that Defendants rely on authority contrary to established Tenth Circuit precedent throughout their brief. *See, e.g., EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 467-68 (5th Cir. 2009); *EEOC v. Pet, Inc., Funsten Nut Div.*, 612 F.2d 1001, 1002 (5th Cir. 1980); *EEOC v. UMB Bank, N.A.*, 432 F. Supp. 2d 948, 955 (W.D. Mo. 2006); *EEOC v. Die Fliedermaus, LLC*, 77 F. Supp. 2d 460, 467 (S.D.N.Y. 1999). The Second Circuit has followed the approach of the Fifth and Eleventh Circuits. *See EEOC v. Johnson & Higgins, Inc.*, 91 F.3d 1529, 1534 (2d Cir. 1996). To the extent that Defendants' arguments are based on this line of authority, they are unpersuasive.

Nonetheless, even under the deferential approach, the agency does not get a free pass if it merely pretends to engage in conciliation while planning on filing a lawsuit all along, as

Defendants contend the EEOC acted in this case. The agency must "make[] a sincere and reasonable effort to negotiate by providing the defendant an adequate opportunity to respond to all charges and negotiate possible settlements." *Prudential*, 763 F.3d at 1159 (internal quotation marks omitted). Defendants are entitled to summary judgment if they can show on the undisputed facts of this case that the EEOC made unreasonable demands with no evidence to substantiate its claims, that it deliberately prevented the Defendants from negotiating possible settlements, or that it did not sincerely engage in its own conciliation process but instead actively tried to make a federal case out of the matter.

A. Emotional Distress Claims

Defendants first argue, rather creatively, that because they agreed to all requested injunctive relief, and because the EEOC is only authorized to "eliminate unlawful employment practices" under Title VII, then the decision to halt the conciliation process and file this suit due to the impasse over emotional distress claims lacks a legal basis. Unfortunately, they have not cited any legal authority for the proposition that the EEOC cannot seek private "make whole" damages during conciliation. Defendants' citation to a Ninth Circuit case misconstrues its holding: *EEOC v. Goodyear Advanced Aerospace Corp.* discusses backpay, not damages for emotional distress, and the quoted section of its opinion has nothing to do with the conciliation process. 813 F.2d 1539, 1543 (9th Cir. 1987). On the other hand, the EEOC has noted correctly that Title VII authorizes EEOC to fail conciliation if it is "unable to secure from the respondent a conciliation agreement acceptable to the Commission." 42 U.S.C. § 2000e-5(f)(1). This language is expansive, and certainly does not limit EEOC's ability to seek private damages on behalf of individuals during conciliation.

Defendants' next argument stands on substantially firmer ground. They argue that

because they were confronted with unusually high demands for emotional distress damages, they should have been presented with some evidence substantiating the claim. Defendants note that EEOC has presented them with nothing beyond anecdotal secondhand testimony concerning emotional damages on the part of one single claimant, Elizabeth Olivas, who has already settled her case with Defendants. Although a settlement does not entirely deprive this Court of jurisdiction over the claims asserted on behalf of the settling claimant, *EEOC v. United Parcel Serv.*, 860 F.2d 372 (10th Cir. 1988), "the courts can and should preclude double recovery by an individual." *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980). The Ninth Circuit clarified that this means that "private benefits," such as backpay, are mooted by a settlement. *Goodyear Aerospace Corp.*, 813 F.2d at 1543, *cited with approval in United Parcel Serv.*, 860 F.2d at 376. This leaves the EEOC with exactly no evidence substantiating its current demands for recovery of damages for emotional distress.

The EEOC claims to dispute the fact that they only provided Defendants with emotional distress information concerning Olivas. *See* Pl.'s Resp. at 7 (Doc. 39). However, their citation to the record is merely to the letter in which they described the emotional harm Olivas has suffered and explain that she has not sought counseling due to her inability to afford it. *See* Defs.' Motion for Summary Judgment, Exh. P at 2 (Doc. 31-4). This letter does not discuss the situation of any other claimant, and it is not enough to create a disputed issue of material fact.

The EEOC is certainly correct that it is not obligated to engage in discovery-like procedures during conciliation. However, it is obligated to follow the procedures outlined in its own Compliance Manual:

> Do not assume emotional harm, or automatically seek damages for such harm. Before seeking compensatory damages in conciliation, obtain a medical release from the complaining party, medical evidence of such harm, and documentation substantiating the

> medical expenses (e.g., doctor's bills). In exceptional cases, emotional harm can be established without medical documentation, but the person should have a reasonable justification for not seeking medical attention. Testimony solely by the complaining party may not be sufficient to establish emotional harm; ordinarily seek corroborating testimony of co-workers, supervisors, family, friends, or others with knowledge of the harm.

EEOC Compliance Manual, § 60.6(b)(1). Even granted that the Compliance Manual provisions are not binding regulations and merely constitute informal guidance, "it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199, 235 (1974). Additionally, the Court is unconvinced that the present litigation falls into the category of "exceptional cases" referred to in the Manual. Contrary to the EEOC's argument in its brief, "a large class case with egregious harassment by a Manager," Pl.'s Resp. at 20 n.4 (Doc. 39), accurately describes the typical EEOC case. The EEOC regularly litigates cases with a large class size where harassment is egregious, and should be accustomed to following standard procedures in these cases. If the EEOC has in fact followed its own procedures, it should be a simple matter to provide Defendants with some evidence of the emotional distress suffered by the class members, or a legal reason as to why no evidence is required in this case.

The Court is not requiring the EEOC to engage in "discovery" with regard to these claims. Nor is it asking the EEOC to "prov[e] discrimination to the employer's satisfaction." *Cf. Prudential*, 763 F.2d at 1169. But the Defendants in this case are not nitpicking and bickering with the EEOC over the evidence offered, nor are they arguing that EEOC's proof is insufficient: they have simply gotten *nothing* from the agency to support the requested damages. Furthermore, the fact that Defendants were able to reach a satisfactory settlement with Olivas after receiving details of her alleged emotional distress shows the usefulness of requiring some type of supporting evidence for these demands. Simply stated, the Court is of the opinion that

Defendants are justified in wanting some evidence from the EEOC to support the damage claims of the class members before acceding to the EEOC's large demands for compensatory damages. Employers are not required to take the EEOC's word alone that emotional distress has resulted from the discrimination alleged, and if the EEOC has in fact asked them to do so, then it has not engaged in conciliation in good faith.

The Tenth Circuit has disapproved of the EEOC's handling of the conciliation process where the EEOC refused to itemize or quantify damages, and then brought an immediate halt to the process after the employer requested a settlement based on "actual damages." *Morgan v. Sec'y of Hous. & Urban Dev.*, 985 F.2d 1451, 1456-57 (10th Cir. 1993). This behavior, the court noted, was "inconsistent with an 'objectively reasonable effort by the agency to bring about settlement of the charge.'" *Id.* at 1457 (quoting *Baumgardner v. HUD*, 960 F.2d 572, 579 (6th Cir. 1992)). Although the EEOC's actions in the current case do not quite rise to that level of abruptness, it is clear from the Tenth Circuit's opinion that the EEOC may not simply ignore an employer's request to know more about the basis of the amount demanded during conciliation.

Additionally, the Court finds support for this conclusion in the decision of the Northern District of Illinois in *EEOC v. First Midwest Bank, N.A.*, 14 F. Supp. 2d 1028 (N.D. Ill. 1998). While the Seventh Circuit has yet to rule on the standard for "good faith," *see Supervalu, Inc.*, 674 F. Supp. 2d at 1008 n.1, the *First Midwest Bank* court relied on the Tenth Circuit's test and so constitutes persuasive authority. *See* 14 F. Supp. 2d at 1031. In that case, the EEOC's conciliation demands "skyrocketed" without any explanation, and the EEOC required the employer to "make a serious counterproposal or risk failed conciliation negotiations and a federal lawsuit; all without an understanding of the EEOC's class of female employees or its calculation of damages." *Id.* at 1032-33. In short, the employer was required to negotiate in an

"evidentiary vacuum." *Id.* at 1032. The EEOC's behavior in this case is similar: it made demands without offering any evidence, and filed a federal lawsuit when the employer tried to protest. The deferential standard of "good faith" identified by the Tenth Circuit may not be perverted into a bullying tactic by the government agency.

B. The September 3 Negotiations and Timing of the Lawsuit

Defendants allege that during the first conciliation meeting, the EEOC representatives sought to prevent the two claimants who were present at the meeting from speaking with Defendants' representatives, first by removing them from the meeting room and later by falsely informing them that the Defendants' representatives had left the building. Defendants further allege that the two claimants had been falsely informed by the EEOC that the Defendants did not wish to settle but instead "wanted to go to court." Later, the two women contacted Defendants by phone after this meeting in order to engage in settlement discussions despite the EEOC's interference. Defs.' Motion at 10-11 (Doc. 31).

The EEOC disputes these facts, first claiming that they are "irrelevant and immaterial," and then by producing citations to the affidavit of the EEOC investigator present at the meeting in question. Pl.'s Resp. at 7 (Doc. 39). The investigator claims that he followed standard practice throughout the meeting, Stuhlmann Decl. ¶ 10 (Doc. 39-7), that he did not fail to communicate Defendants' settlement offer to the two women, *id.* ¶ 11, and that he did not represent to the two women that Defendants had ended negotiations and left the building, *id.* ¶ 13.

The affidavit of the investigator suffices to create a disputed material fact. Therefore, the Court cannot grant summary judgment to Defendants on this issue. The Court reiterates, however, that the EEOC is under a statutory duty to "provid[e] the defendant an adequate opportunity to . . . negotiate possible settlements." *Prudential*, 763 F.3d at 1159 (internal

quotation marks omitted). The disputed facts discussed above, therefore, are far from irrelevant to the issue of whether the EEOC engaged in "sincere and reasonable" efforts to conciliate this case.

Additionally, the Court takes note of Defendants' concerns over the timing of this lawsuit and the EEOC's motivations for filing it. I am highly skeptical that the EEOC approached the second settlement meeting on September 28, 2009, in good faith when they evidently had a failed-conciliation notice in hand, and a complaint ready to be filed with this Court less than 24 hours later. In that vein, Defendants argue that they expressed their willingness to engage in further negotiations during the meeting and that failing the conciliation was therefore premature. Nonetheless, the EEOC disputes that fact, *see* Stuhlmann Decl. ¶¶ 22-23 (Doc. 39-7), and if the EEOC had truly determined that Defendants were finished negotiating, then it was permissible for them to terminate the conciliation process. "The EEOC is under no duty to attempt further conciliation after an employer rejects its offer." *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1101-02 (6th Cir. 1984). This matter is thus unfit for resolution at the summary judgment stage.

**2. Additional Claimants**

Defendants argue that the EEOC may not litigate claims on behalf of claimants who were identified by the EEOC subsequent to the filing of this lawsuit, because Defendants had no chance to conciliate with respect to those claims. Defendants characterize these claims as "new claims" that were not subject to conciliation, but the EEOC notes correctly that no new claims are being advanced. The EEOC has been identifying new claimants as part of the class on behalf of which it is bringing this lawsuit, but the claims are similar to what the EEOC charged during the administrative process, and the EEOC is thus not required to limit itself to claims brought on behalf of claimants identified during conciliation.

The Sixth Circuit explained in *EEOC v. Keco Industries* that the EEOC is permitted to enlarge the scope of the class as long as the basic charge of discrimination remained the same. 748 F.2d at 1101. Where "the only difference" between the later charges and "the initial charge is the number of persons victimized" by the "allegedly discriminatory practices," the Sixth Circuit allowed the EEOC to add new claimants. *Id.* The court explained that "this later class-based claim brought by the EEOC could have reasonably been expected to grow out of [the] individual complaint of discrimination." *Id.* Defendants have not identified any Court of Appeals decisions that disagree with this reasoning, and it has in fact been followed by several other circuit courts. *See, e.g.*, *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 289 (9th Cir. 1993) (where employer refused to negotiate on behalf on one claimant, EEOC could reasonably assume it need not seek conciliation with regard to any other claimant); *EEOC v. Rhone-Poulenc, Inc.*, 876 F.2d 16 (3d Cir. 1989) (EEOC not required to conciliate on behalf of each potential claimant); *EEOC v. Am. Nat'l Bank*, 652 F.2d 1176, 1185 (4th Cir. 1981) (holding the district court had jurisdiction over the same charges of discrimination against a single defendant even where the claims had been expanded to include different branches of the defendant's business).

Here, the EEOC put Defendants on notice of the type of discrimination alleged, the location of the discrimination, and the potential class in their Letter of Determination that opened the conciliation process. The EEOC determined that "evidence revealed that Charging Party and other female employees at the same facility were subjected to unwelcome verbal and physical conduct of a sexual nature by the General Manager." Defs.' Motion, Exh. K at 1 (Doc. 31-4). This was sufficient to put Defendants on notice as to the potential class size, as Defendants could presumably have checked their own employment records for the relevant time period and begun their own investigation from there. *Cf. EEOC v. David Lerner Assocs., Inc.*, Civ. No. 3:05-292

2005 WL 2850080, at *3 (D. Conn. Oct. 27, 2005) (EEOC did not need to identify all members of the potential victim class when the employer was fully aware of the number of past and present female employees at that particular office during the relevant time period). "As long as the outline of the class is identified, each female within the 'class' need not be specifically identified in the conciliation process." *EEOC v. Cone Solvents, Inc.*, Civ. No. 3:04-0841, 2006 WL 1083406, at *9 (M.D. Tenn. Apr. 21, 2006). Defendants have been aware of the outline of the class since conciliation began. The EEOC may bring claims on behalf of any number of claimants in this case so long as the claims concern the same basic type of discrimination at the same location.

Therefore, Defendants' request that the EEOC be required to bring all claimants to the proposed conciliation meeting is denied. The EEOC has the right to bring this action on its own behalf, *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 323-24 (1980), and has full authority to settle this case without the presence of all the claimants. Therefore, an order that all claimants attend the conference is unnecessary. Of course, the EEOC should continue to make reasonable good faith efforts to ensure that the available identified class members attend the conference, if possible, since doing so would facilitate the settlement process.

**3. Mootness**

The EEOC argues that Defendants have already received the relief sought in their Motion, and as such, the Motion is moot. The settlement conference on May 27, the argument goes, was exactly the type of relief Defendants are requesting: a continuation of negotiations in order to resolve this case informally.

The EEOC relies on a case from this District in which Chief U.S. District Judge Bruce Black dismissed a similar request as moot. *See* Memorandum Opinion and Order, *EEOC v.*

*Moore & Moore, Inc.*, Civ. No. 09-951 (D.N.M. May 4, 2010). In *Moore & Moore*, Judge Black noted that a settlement conference had already been scheduled to take place *after* the motion for partial summary judgment had been filed. *Id.* at 2. The current case, however, is in a different posture: the settlement conference has already taken place. Defendants are asking, instead, for a second opportunity to participate in court-supervised mediation, whereas in *Moore & Moore*, the parties had not yet had any opportunity to settle before Judge Black ruled on the motion for summary judgment.

Additionally, the EEOC's request ignores that Defendants are not just requesting another round of court-supervised mediation, but instead are asking that the EEOC be required to present some evidence supporting their compensatory damage demands. This is not relief which they have already been granted in this case. Therefore, the Defendants' Motion cannot be dismissed as moot.

**CONCLUSION**

For the reasons given above, this Court GRANTS IN PART Defendants' Amended Combined Motion for Partial Summary Judgment Based on Plaintiff's Failure to Conciliate in Good Faith (Doc. 31). Specifically, this Court GRANTS Defendants' request that the EEOC engage in a court-supervised mediation with Defendants, after the EEOC provides Defendants with all evidence in the EEOC's possession or control supporting its request for compensatory damages as to each remaining class member. The Court DENIES Defendants' request that the EEOC arrange for all remaining class members represented by the EEOC to be present for the mediation, and DENIES Defendants' request to limit the EEOC to claims on behalf of individuals who were identified during conciliation.

In light of the above, the Court hereby STAYS this case for a period of 60 days so that

the conciliation process may continue. The Court anticipates holding a status conference at the end of this period.

**SO ORDERED.**

UNITED STATES DISTRICT JUDGE