IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                            No. 9-CV-953 WJ/ACT

SONIC DRIVE-IN OF LOS LUNAS LTD. and
B&B CONSULTANTS INC.,

    Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on Defendant's Motion for Entry of Scheduling Order for the Purpose of Setting Court-Supervised Mediation by B&B Consultants Inc., Sonic Drive-In of Los Lunas Ltd. (Doc 45) and Plaintiff's Opposed Motion Seeking an Expedited Clarification of This Court's October 6, 2010, Memorandum Opinion and Order [Doc.44] and Memorandum of Law in Support (Doc. 47). In lieu of the scheduling order requested and for purposes of facilitating the upcoming settlement conference, the Court makes the following rulings:

- Conciliation / mediation shall proceed before Magistrate Judge Alan Torgerson[1] and a co-mediator to be agreed upon by the parties. If parties mutually agree on a

---

[1] The EEOC objects to further mediation before Judge Torgerson, but it has advanced no reason in support of this position other than the fact that Judge Torgerson previously supervised a conference that did not succeed in settling the case. Given this Court's finding that the EEOC did not participate in that settlement conference in good faith, however, it is not surprising that mediation failed.

co-mediator, they may identify the co-mediator by formal pleading to the Court **on or before November 1, 2010**. If nothing is filed by November 1, 2010, Judge Torgerson will select the co-mediator.

- Defendants shall provide the EEOC with a list **on or before November 1, 2010** of the names, last known addresses, and phone numbers of all female employees who were employed at the Sonic Drive-In in Los Lunas, New Mexico during the time Drive-In Manager Robert Gomez worked at that location.

- The EEOC shall provide Defendants **on or before November 21, 2010** a list of all prospective class members of whom they are aware (and who have not already settled) as of that date; and for each class member, identify any actual damages and a brief description of the emotional distress being claimed by that class member, with supporting documentation for any and all of the damages claimed. Counsel for the EEOC shall also certify by affidavit that the list of prospective class members which they provide to Defendants **by November 21, 2010**, is in fact the complete list of prospective class members of which counsel is aware as of that date.

- All counsel shall read Rule 83.9 of the Local Rules of Civil Procedure for the United States District Court, and the "Creed of Professionalism of the New Mexico Bench and Bar" identified therein (see pp. 160-61 of the 2010-2011 Bench and Bar directory) and shall file affidavits **by October 29, 2010** affirming that they have read Rule 83.9 of the Local Rules of Civil Procedure and the Creed of Professionalism of the New Mexico Bench and Bar and that in the future they will abide by both the letter and the spirit of the Creed of Professionalism.

- The Court is concerned that without the presence of all identified class members, no meaningful conciliation can occur. Therefore, the parties are instructed to brief the issue of whether the Court may compel the physical attendance at the settlement conference of all the class members on whose behalf the EEOC is bringing claims, notwithstanding the fact that the EEOC is the only named plaintiff in this action. The briefs shall contain legal argument, supported by case law and/or statutory authority for each party's position. Briefs shall not exceed ten **(10)** pages in length, and are due to be filed with the Court **on or before Monday, November 8, 2010**.

Finally, I wish to dispel the EEOC and its counsel of any notions that they do not have to comply with this District's Civil Justice Expense and Delay Reduction Plan, adopted pursuant to the Civil Justice Reform Act, 28 U.S.C. §§ 471, 472-82. The EEOC's prior failure to approach the conciliation / mediation process in good faith violates not only its own statutory mandate, but also the spirit of the two-pronged purpose of the Plan, which is to expedite the ultimate disposition of litigation and reduce costs. Accordingly, the EEOC and Defendants are hereby put on notice that the undersigned and Magistrate Judge Torgerson shall expect the parties to proceed in good faith with regard to the statutory mandate for conciliation, this District's Civil Justice Expense and Delay Reduction Plan, and the local rules of this Court–specifically, Rule 83.9 and the Creed of Professionalism.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE