# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.                                        No. 9-CV-953 WJ/ACT

SONIC DRIVE-IN OF LOS LUNAS LTD. and
B&B CONSULTANTS INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING ATTENDANCE OF CLASS MEMBERS AT SETTLEMENT CONFERENCE

THIS MATTER comes before the Court sua sponte.  Having considered the parties' briefs on the issue herein addressed, the Court finds that physical attendance at the conciliation process of all the claimants on whose behalf the EEOC is bringing claims is not required by law, although the Court heartily encourages the presence of claimants at upcoming settlement conference.

### Background

The complaint in this case charges that Defendant subjected certain female employees to sexual harassment and retaliation.   Recently, the Court found that the EEOC had not participated in the conciliation process in good faith, as required under 42 U.S.C. § 2000e-5(b).  The case was stayed for a period of 60 days so that the conciliation process could continue.  *See* Doc. 44 at 15 and Doc. 49 at 1, n.1.

One point of contention between the parties is whether the Court may compel the physical attendance at the conciliation process ("settlement conference") of all the class members on whose behalf the EEOC is bringing claims, notwithstanding the fact that the EEOC

is the only named plaintiff in this action.  The Court previously denied Defendants' request to order the EEOC to bring all claimants to the settlement conference.  Doc. 44 at 14. Subsequently, the Court became concerned that without the presence of all identified class members, no meaningful conciliation could occur, and to that end, the Court required parties to brief the issue of whether the Court may compel the physical attendance at the upcoming settlement conference of all the class members on whose behalf the EEOC is bringing claims.[1] Doc. 49 at 3.  Both parties responded to the Court's Order.

## I.    Case Law Does Not Require Claimants' Presence at Settlement Conference

Defendants, however, have not presented any case law which requires the claimants in this case to personally attend the settlement conference, or which holds that settlement is limited only to those individuals who do attend the conference.  The cases cited by Defendants generally state that the Court has inherent authority to order a non-party who has full settlement authority to appear at the settlement conference.[2]   Those cases are not relevant here because EEOC has designated Ms. Rita Byrnes Kittle as the client representative for the claimants with full settlement authority.  Ms. Kittle attended the first round of conciliatory meetings.  Doc. 40 at 19. Thus, Defendants have not provided the Court with any case law – nor has the Court found any

---

[1]   A settlement conference has been set for December 1, 2010.  Doc. 50.

[2]   *See, e.g, In Re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974) (district court had power to order claims manager for insurer defending case to appear); *Nick v. Morgan's Foods, Inc.*, 99 F. Supp.2d 1056 (E.D.Mo.,2000) (Good faith participation in alternative dispute resolution required participation of corporate representative of employer with authority to settle employment discrimination claim); *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991) (district courts have inherent power to direct parties before them to produce individuals with full settlement authority at pretrial settlement conferences); *Schwartzman, Inc. v. ACF Industries, Inc.*, 167 F.R.D. 694, 698 (D.N.M.,1996) (good faith requires attendance by qualified representative); *see also G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).

in its own research – which holds that the claimants in this case can be required to personally attend the settlement conference.

## II. Court's Inherent Authority Is Not Appropriate Basis for Ordering Claimants' Presence at Settlement Conference

The only other consideration is whether this Court's inherent authority should be invoked in order to require the physical attendance of the claimants in this case. Federal district courts have the inherent power to manage their business "so as to achieve the orderly and expeditious disposition of cases." *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir.2003) (quoting *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991)). "Because inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, (1980). Thus, a federal court may only invoke its inherent power when necessary to protect its ability to function. *In re Novak*, 932 F.2d 1397, 1406 (11th Cir. 1991).

It would certainly be an appropriate use of this Court's inherent authority to require the claimants' presence at the settlement conference if their presence was necessary to the settlement conference. *See In re LaMarre*, 494 F.2d 753, 756 (6th Cir. 1974) (trial judge has power to "require attendance of any party to the case at any session of the court where the judge deems his presence to be necessary"). However, the Court does not find their presence to be necessary. As previously mentioned, a representative for the claimants on whose behalf the EEOC is bringing this case will be attending the settlement conference. Also, any concerns Defendants might have regarding the EEOC's presentation of spuriously inflated settlement demands without adequate supporting documentation should be adequately addressed by the Court's Orders requiring the EEOC to certify a current list of claimants and to provide Defendants with documentation to

3

support any claim for monetary damages, both of which EEOC obliged to do under Court Order. Docs. 44 at 9-10; Doc. 49.

Moreover, mandatory attendance at the settlement conference would present a hardship on many claimants because it would require absence from work or school. Those living outside of the Albuquerque metro area would be burdened with the expense of travel. It may well be that the presence of all claimants would benefit the conciliation process by making it more efficient and increase the expectations of a successful resolution. However, that is not enough of a reason for the Court to invoke its inherent authority. *See Novak*, 932 at 1408 (concluding that district courts do not have the inherent power to issue order directing employee to appear at settlement conference in order to guarantee that settlement discussions are fruitful).

I note that the EEOC has come to the settlement/conciliation table once before making monetary demands with no supporting documentation whatsoever, and the agency should view the December 1st conference as a chance to make that right. The EEOC is cautioned that failure to do so or otherwise comply with the Court's Orders will subject it to sanctions.

I want to emphasize the limited nature of my ruling. Clearly had the EEOC brought this case on behalf of an individual plaintiff or several individual plaintiffs, the individual plaintiff(s) could be and would be compelled to attend a conciliation/settlement conference. What is somewhat unique about this case is that while it is not a Fed.R.Civ.P.23 class action case, it is still a class of individuals on whose behalf the EEOC brings this case. Additionally, there is a class representative whose presence at the conciliation/settlement conference the Court can and will require.

While the Court can not require the class participants or claimants in this case to personally attend the settlement conference on December 1, 2010, the Court can require that

EEOC make reasonable efforts to encourage all claimants to do so, and that EEOC comply with the Court's Orders essentially directing the agency to participate in good faith.  The EEOC has always been under the obligation to participate in good faith, and has not met this standard in the past.  For that reason, I am requiring counsel for the EEOC to file an Affidavit with the Court prior to the settlement conference (1) that the agency has notified all class members of the settlement conference; (2) that all class members are notified that they can attend; and (3) that EEOC has made all reasonable efforts to encourage all claimants to attend the settlement conference.

## Conclusion

In sum, I find and conclude that the physical attendance at the settlement conference of all the class members on whose behalf the EEOC is bringing claims is not required by law; nor would it be an appropriate use of the Court's inherent authority to impose that requirement.

However, the Court encourages the presence of claimants at the conference in the interests of expediting the ultimate and prompt disposition of this case where possible, and reducing litigation costs, pursuant to the Civil Justice Reform Act, 28 U.S.C. §§ 471, 472-82. Further, counsel for EEOC is required to encourage the claimants' presence at the conference, and shall file an affidavit attesting to her efforts in that regard.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE